IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Travelers Casualty Insurance Company of America, PLAINTIFF, | § § § § § § § § § § § § § | CIVIL ACTION File No. 1:14-CV-2870 **JURY TRIAL DEMANDED** |
| V. | | |
| Sherry Pathak, individually and as Administrator of the Estate of Damodar Pathak; and Ashiq Ali Sadruddin, d/b/a Y&H, LLC a/k/a Y&H, Inc., a/k/a YNH, Inc., a/k/a YNH, LLC, d/b/a BP FOOD MART, DEFENDANTS. | | |

## ANSWER OF SHERRY PATHAK

COMES NOW Sherry Greer[1] misnamed as "Sherry Pathak" (hereinafter "Pathak") and shows:

1.

Pathak admits that she filed suit in the State Court of DeKalb County about the shooting death of her husband, Damodar Pathak on or about January 12, 2009 at 2136 Cedar Grove Rd., Conley, DeKalb County, GA 30288 (also commonly called the Cedar Grove BP) and that she has legal claims against Defendant Sadruddin, he being

---

[1] Sherry Greer and Damodar Pathak were heretofore married; the wife kept her legal name before the marriage. See Pathak's EXHIBIT 1, copy marriage certificate.

Page 1

identifiable as set forth in the style, and/or against Sadruddin's business or businesses shown in the style of the State Court Complaints (hereinafter collectively called "Sadruddin") - - and that said Complaints as consolidated also show "John Doe 2 and 3" as Defendants.  Also, that Plaintiff ("Travelers") has legal, equitable and other obligations to indemnify Sadruddin, or a John Doe,  for the litigated wrongful death incident; and that Travelers heretofore provided a document purporting to show that it issued the policy in question to "BP FOOD MART / YNH INC.DBA."  Otherwise, Pathak is without sufficient information to admit or deny, so denied as written

2.

Pathak is without sufficient information to admit or deny, so denied.

3.

Denied.

4.

Admitted.  See Pathak's EXHIBIT 2, copy Letters of Administration.

5.

Pathak admits that on information received, Sadruddin was served with process in another case at his Snellville Georgia home and has stated in *solemn judicio* that he is a United States resident; otherwise Pathak is without sufficient information to admit or deny, so denied.

6.

Pathak admits that on information and belief the trade names are d/b/a designations for Sadruddin, or for Sadruddin's business or for a business or businesses that Sadruddin has ownership interest in; otherwise, Pathak stands without proper information which is being concealed and obfuscated by Travelers, Sadruddin and others.  For example, see Pathak's EXHIBIT 3, email from Michael Miller, Travelers' Major Case Specialist on  June 20, 2013 containing an Admission that the name of the subject insured in this case is "YNH Inc." *id,* first sentence, 1st page, and that YNH Inc. is not a Georgia corporation –  among other things, including Admission that insured may have intended to insure "Y&H LLC".  *Id.*

7.

Admitted that the amount in controversy exceeds $75,000 not counting interest and costs.  Otherwise, denied.

8.

Admitted on information and belief.

9.

The Court has jurisdiction over Pathak; otherwise, denied.

10.

Admitted that the relevant litigated wrongful death incident happened in

DeKalb County Georgia; otherwise denied as written.

11.

Admitted that Pathak filed the action purportedly shown as Plaintiff's Exhibit A; otherwise denied.

12.

Admitted that Pathak filed an Amended Complaint purportedly shown as Plaintiff's Exhibit B and that two suits about the same wrongful death were consolidated by the State Court of DeKalb County; otherwise denied as written.

13.

Admitted that Pathak filed Complaints purportedly shown as Plaintiff's Exhibits "A" and "B" and that wrongful death involving Earlin Lee Turner and other claims are averred, and that the foregoing are at the root of the claim that Travelers is seeking to avoid; otherwise, denied as written by Travelers

14.

Admitted that Pathak filed Complaints purportedly shown as Plaintiff's Exhibits "A" and "B" and that allegations involving wrongful death and Sadruddin's (including his businesses, as stated above) interest in the store and his activities are involved at the heart of the case, and that the foregoing are at the root of the claim that Travelers is seeking to avoid; otherwise, denied as written.

15.

Admitted that Pathak filed Complaints purportedly shown as Plaintiff's Exhibits "A" and "B," as amended and that allegations about ownership of the real and other property are stated; otherwise, denied as written.

16.

Admitted that Pathak filed Complaints purportedly shown as Plaintiff's Exhibits "A" and "B" and that allegations about leases, ownership of the real and other property and other matters are stated in the Complaints as consolidated by the State Court, and as amended; otherwise, denied as written by Travelers.

17.

Denied.

18.

Admitted in substance; but Pathak does not adopt the paragraph designations by Travelers.

19.

Admitted that Pathak filed Complaints purportedly shown as Plaintiff's Exhibits "A" and "B" against Defendants, including Sadruddin and that allegations about liability for legal claims, leases, ownership of the real and other property and other matters are stated in the Complaints; otherwise denied as written.

20.

Admitted that Pathak's undersigned counsel sent a customary demand letter to Travelers after Travelers, Sadruddin, Ayaz, Inc. and others identified the Travelers as the liability carrier for the litigated incident.

21.

Denied.

22.

Denied. On information and belief Sadruddin deposed and others reported that very shortly after the litigated incident, Sadruddin's son, Mr Ayaz Ali reported to Travelers' "producer" and agent that Damodar Pathak had been shot while working at the covered premises, the Cedar Grove BP (the litigated incident). This Travelers' producer and agent is Mr. Sakil Ghaya, manager/member of the Global Underwriters LLC, 1825 Lockeway Dr., Ste 205, Alpharetta, GA 30004, the company that produced, sold and collected money and evidently assisted with claims for the policy at issue in this declaratory judgment action, and the natural and competent target of the report about the litigated incident, he and it being Travelers' agents.

23.

Denied.

24.

Pathak shows that a certified copy of the true, authenticated legal policy contract with its application papers and all related documents are the best evidence and as such Pathak can not admit nor deny this paragraph, so denied.

25.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph; and Pathak shows that Travelers muddies the waters for improper purposes by Admission that the insured is "YNH Inc." See Pathak's EXHIBIT. 3.

26.

Admitted that the premises insured by Travelers is the said Cedar Grove BP; and Pathak shows that, on information and belief and evidence, Sadruddin testified he purchased or caused the policy to be purchased for the said BP business.

27.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph, so denied.

28.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this

paragraph, so denied. But Pathak shows that even the unauthenticated evidence indicates that the Cedar Grove BP business where the litigated incident happened was the covered insured.

29.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph. Pathak further shows that Travelers own information and evidence from Sadruddin indicates Travelers was notified of the litigated incident under the terms of the policy and applicable law, and that the policy should be construed against Travelers.

30.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph, so denied insofar as what is shown by Travelers is in favor of Travelers.

31.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph, so denied.

32.

Pathak shows that a certified copy of the true, authenticated legal policy contract is the best evidence and as such Pathak can not admit nor deny this paragraph, so denied.

33.

Denied if not admitted without qualification.

34.

Denied.

35.

All other paragraphs and parts of the Complaint not herein-above admitted absent qualification are denied.

WHEREFORE, Pathak prays that the Complaint is dismissed in entirety and all costs cast against Travelers, and Pathak specifically prays for an award of her attorney fees against Travelers.

## AFFIRMATIVE DEFENSES

For her affirmative defenses Pathak, from knowledge of her own acts and on information and belief, the acts of the parties to this action and actions of others shows:

### 1st AFFIRMATIVE DEFENSE

The Complaint fails to state a claim a cause of action upon which relief may be

granted.

## 2nd AFFIRMATIVE DEFENSE

Travelers is not entitled to the relief sought in the Complaint for Travelers has waived such relief by its conduct, and has waived any and all right to assert the claims in the Complaint by Travelers' actions, including by way of example and not limitation, paying claims under the insurance policy filed by Sadruddin and/or Sadruddin's agents.

## 3rd AFFIRMATIVE DEFENSE

Travelers is not entitled to the relief sought in Complaint for Travelers, by reasons of its conduct, is estopped.

## 4th AFFIRMATIVE DEFENSE

Travelers should be denied all relief sought in the Complaint for Travelers has breached its obligations, including, by way of example and not limitation, its obligations of good faith and fair dealing, including, *for example*, paying other claims lodged by Sadruddin but seeking to avoid the claim on the litigated incident because it is a "major case;" refusing to provide and co-operate in discovery in the underlying case to cast light on all of Travelers' relevant dealings with Sadruddin and others related to him and having dealings with the insurance policy at issue

## 5th AFFIRMATIVE DEFENSE

Travelers is not entitled to the relief sought by the Complaint for Travelers, by reason of its conduct, is barred from asserting those claims by the doctrine of unclean hands.

## 6th AFFIRMATIVE DEFENSE

Travelers is not entitled to the relief sought by the Complaint for Travelers, by reason of its conduct, is barred from asserting those claims by the doctrine of laches.

## 7th AFFIRMATIVE DEFENSE

Pathak may have additional affirmative defenses yet unbeknownst to her and so she reserves the right to assert additional affirmative defenses once they have been ascertained.

## DEMAND FOR JURY TRIAL

Pathak demands trial by jury of all those matters that may be tried by jury.

Respectfully Submitted, September 24, 2014

L. BARRINGTON HENDRICKS, PC

**/s/ Louie Hendricks**

......................................................................
By:   Louie Hendricks, Ga. Bar 349395.
       Attorney for Pathak

5300 Memorial Dr., Ste 132
Stone Mountain, GA 30083-3155
(404) 501-9292

Fax 404-501-9280
[louiehendricks@bellsouth.net](mailto:louiehendricks@bellsouth.net)