**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. 1:14-CV-2870 |
| vs. | ) ) | |
| SHERRY PATHAK, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DOMADAR PATHAK; AND ASHIQ ALI SADRUDDIN, D/B/A Y&H, LLC, A/K/A Y&H, INC., A/K/A YNH, INC., A/K/A YNH, LLC, D/B/A BP FOOD MART, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT

**COME NOW**, ASHIQ ALI SADRUDDIN, Defendant in the above-styled civil action and file their Affirmative Defenses and Answer to Plaintiff's Complaint for Declaratory Judgment ("Complaint"), and show the Court the following:

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against these Defendants.

### SECOND DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of waiver.

## THIRD DEFENSE

Plaintiff is barred from recovery against Defendant as it has failed to satisfy all conditions precedent to bringing this lawsuit.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to a mutual disregard for the terms of the agreement as provided for in O.C.G.A. §13-4-4.

## SEVENTH DEFENSE

Plaintiff's Complaint against Defendants should be dismissed because Plaintiff breached the covenant of good faith and fair dealing.

## EIGHTH DEFENSE

Defendants assert all affirmative defenses under O.C.G.A. § 9-11-8 as may be proven by the evidence.

## NINTH DEFENSE

Plaintiff is precluded from recovery in this case by its own actions or inactions.

## TENTH DEFENSE

Defendants give notice that they intend to rely upon and invoke any other defense that may become available or appear during the proceedings in this case and reserve their rights to amend this Answer and Affirmative Defenses to include any such defense.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by its unclean hands.

## TWELFTH DEFENSE

Defendant asserts that he substantially complied with the contract.

## THIRTEEN DEFENSE

Having raised Defendants' affirmative defenses and without waiving said defenses, Defendants respond to each and every paragraph of Plaintiff's Complaint as follows:

## SPECIFIC ANSWERS

### I. Introduction

1. Defendant admits that Plaintiff has filed this action seeking declaratory judgment but denies that declaratory judgment is proper as Plaintiff had been advised of the shooting incident on January 9, 2012.

### II. The Parties

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, therefore said allegations are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, therefore said allegations are denied.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

### III. Jurisdiction and Venue

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, therefore said allegations are denied.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## IV. Facts

### The Underlying Lawsuit

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. The "Sublease" to which Plaintiff refers in Paragraph 16 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 16 of the Complaint that deviate from the terms of the "Sublease". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant admits that a lawsuit has been filed against him and strictly denies the allegations contained in the Complaint. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that a lawsuit has been filed against him and strictly denies the allegations contained in the Complaint. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 24 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 24 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 25 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 25 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 26 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 26 of the Complaint that deviate from the terms of the "Liability

Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 27 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 27 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 28 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 28 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 29 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 29 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 30 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 30 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 31 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 31 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. The "Liability Insurance Policy Number I-680-3663P161-ACJ-11" to which Plaintiff refers in Paragraph 32 of the Complaint speaks for itself. Defendant denies any allegations contained in Paragraph 32 of the Complaint that deviate from the terms of the "Liability Insurance Policy Number I-680-3663P161-ACJ-11". To the extent a further response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## **CAUSE OF ACTION**

33. No response is required for Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

WHEREFORE, Defendant requests that:

(a) The Complaint be dismissed in its entirety with all costs taxed against Plaintiff;

(b) Judgment be entered in favor of Defendant

(c) Plaintiff recover nothing from the Defendant;

(d) This Court grant Defendant such other and further relief as the Court deems just and proper under the circumstances.

This 29th day of September, 2014.

                                        Respectfully submitted,

                                        **WEENER & NATHAN LLP**

                                        ___/s/ Eric J. Nathan_____
                                        Eric J. Nathan
                                        Georgia Bar No.: 535280
                                        nathan@wnllp.com
                                        Zain N. Kapadia
                                        Georgia Bar No: 489805
                                        zkapadia@wnllp.com
                                        *Attorneys for Defendant*

5887 Glenridge Drive NE
Suite 275
Atlanta, GA 30328
Phone: 770-392-9004
Fax: 770-522-9004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action File No. 1:14-CV-2870 |
| vs. | ) ) | |
| SHERRY PATHAK, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DOMADAR PATHAK; AND ASHIQ ALI SADRUDDIN, D/B/A Y&H, LLC, A/K/A Y&H, INC., A/K/A YNH, INC., A/K/A YNH, LLC, D/B/A BP FOOD MART, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of *Defendant's Affirmative Defenses and Answer to Plaintiff's Complaint* via First Class United States Mail with adequate postage addressed to:

Seth M. Friedman, Esq.
Christopher C. Meeks, Esq.
Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326

This 29th day of September, 2014.

                                            ___/s/ Eric J. Nathan_____
                                            Eric J. Nathan
                                            Georgia Bar No.: 535280
                                            nathan@wnllp.com

WEENER & NATHAN LLP
5887 Glenridge Drive NE
Suite 275
Atlanta, Georgia 30328

Phone: 770-392-9004
Fax: 770-522-9004