IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHERRY PATHAK, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DOMADAR PATHAK; AND ASHIQ ALI SADRUDDIN, D/B/A Y&H, LLC, A/K/A Y&H, INC., A/K/A YNH, INC., A/K/A YNH, LLC, D/B/A BP FOOD MART,<br><br>    Defendants. | Civil Action<br><br>File No. 1:14-CV-2870-MHS |

## **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of the Case:**

(a)   Describe briefly the nature of the action.

**This lawsuit is an insurance coverage dispute.**

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**For Travelers and Sadruddin:**

**Travelers Casualty Insurance Company of America issued liability policy**

number I-680-3663P161-ACJ-11 to an entity identified as "BP FOOD MART / YNH INC.DBA" for the policy period December 25, 2011 through December 25, 2012 (the "Policy"). The Policy identifies the insured premises as 2136 Cedar Grove Road, Conley, Georgia 30288.

On or about July 17, 2013, Sherry Pathak (Greer), in her individual capacity and as administrator of the estate of Domadar Pathak ("Mr. Pathak"), ("Pathak") filed suit against Defendant Ashiq Ali Sadruddin d/b/a Y&H, LLC, a/k/a Y&H, Inc., a/k/a YNH, Inc., a/k/a YNH, LLC, d/b/a BP Food Mart ("Sadruddin") and others in the State Court of DeKalb County, Georgia (the "Underlying Lawsuit") for the wrongful death and associated personal injuries sustained when Mr. Pathak was shot on or about January 9, 2012 while working at a convenience store located at 2136 Cedar Grove Road, Conley, Georgia 30288 (the "Convenience Store"). Pathak alleges that Sadruddin has had an interest in in the Convenience Store as an owner, operator, or lessor since shortly after October 31, 2008. Specifically, Pathak alleges that Sadruddin has owned the Convenience Store through an entity identified as "Ayaz, Inc." since April 1, 2011 (Doc. 1-2 ¶¶ 1, 3-15) and that, prior to April 1, 2011, sub-leased the Convenience Store to another company while using the name "Y & H, Inc."

Travelers seeks a declaration that it has no duty to defend and indemnify Sadruddin for the claims asserted in the Underlying Lawsuit.

**Pathak disagrees with the facts set forth above and provided the following changes/additions:**

The name used by Travelers for the insured business has been BP FOOD MART / YNH INC.DBA, also referred to as YNH Inc and Y&H LLC, among other names, commonly referred to as the "Cedar Grove BP," at 2136 Cedar Grove Rd., Conley GA 30288.  The city is also shown as Ellenwood in some address designations by common practice.

In or about October 2008, an operator of certain business at the Cedar Grove BP, Sadruddin's nephew, was shot in the back of the head (murdered) there.  Shortly after, Sadruddin went to the Cedar Grove BP to help his widowed niece operate the business.  Later, Sadruddin gave his said niece a quantity of money and took over operations.

Business was evidently good.  By 2011 Sadruddin with Ayaz, Inc. using a wrap deed to secure debt and other related instruments purchased the real property and all the various leases/businesses at the Cedar Grove BP premises from the owner, Bay County Enterprises, LLC.  At about that time, Sadruddin was CEO, registered agent and secretary for Ayaz, Inc. and also Sadruddin himself signed a personal guaranty of payment and performance and other aspects in the deal, covering Ayaz, Inc..  Sadruddin personally and Ayaz, Inc. at that time also executed a fuel supply agreement with DeKalb

Petroleum 1 LLC to purchase and sell the BP branded fuels at the Cedar Grove BP.

The "Bay County" deal required that purchaser maintain certain liability insurance on the Cedar Grove BP during the pendency of the note. Sadruddin/Ayaz, Inc., using the said Travelers policy assured Bay County Enterprises, LLC that it/they had the requisite insurance in place.

The said policy at issue in this case was being paid for the Cedar Grove BP business by Sadruddin and/or his business and/or affiliates since at least 2010. There were several claims made under the policy and paid. At the end of 2012 (after the underlying suit had been filed) Travelers ostensibly declined to renew the policy allegedly only because claims (and pay-outs) in the prior three years were in excess of 600 percent of premiums.

There had been numerous robberies and other serious crimes at the Cedar Grove BP and in January 2012, yet another murder, Damodar Pathak. On information received, not long after, Sadruddin/and or his affiliates reported the Pathak shooting incident to Travelers and Travelers' Producer told them that coverage would not apply, for Pathak was an employee at the Cedar Grove BP at the time. Sadruddin and/or his affiliates produced a purported copy of the subject policy to Pathak as the insurance applicable to the litigated shooting incident.

**BP FOOD MART / YNH INC.DBA, also referred to as YNH Inc and Y&H LLC, among other names, Sadruddin and others involved in the Cedar Grove BP business are Defendants in the State Court Complaint, as amended.**

**Travelers ostensibly alleges in this Federal Court Complaint that the insured is not a party in the State Court case and that the shooting incident was reported to it after Pathak and Sadruddin alleges that it was.   Travelers the asks the Court to determine whether it should indemnify Sadruddin.  As filed, the complaint does not raise seek to avoid indemnification for the insured as named in the policy.**

**Pathak asks the court to deny the relief sought and Order Travelers to indemnify the ""named" insured and/or Sadruddin insofar as the policy applies to him on legal or equitable principles.**

(c) The legal issues to be tried are as follows:

**Travelers and Sadruddin: Whether Travelers has a duty to defend and indemnify Sadruddin for the claims asserted in the Underlying Lawsuit.**

**Pathak: Whether Travelers has a duty to indemnify BP FOOD MART / YNH INC.DBA and or Sadruddin for the claims actually asserted in the underlying lawsuit.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  **None in Federal Court**

        (2)    Previously adjudicated Related Cases:

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Seth M. Friedman
                   **WEISSMAN, NOWACK, CURRY & WILCO, P.C**.
                  One Alliance Center
                  3500 Lenox Road, 4th Floor
                  Atlanta, Georgia 30326
                  (404) 926-4500
                  Fax (404) 926-4700
                  Email: **sethfriedman@wncwlaw.com**

    Defendants:  Louie Hendricks
                    **L. BARRINGTON HENDRICKS, P.C.**
                  5300 Memorial Drive, Suite 132
                  Stone Mountain, GA  30083
                  (404) 501-9292
                  Fax (404) 501-9280
                  Email: **louiehendricks@bellsouth.net**
                  *Attorney for Defendant Sherry Pathak (Greer)*

>Zain Kapadia
>**WEENER & NATHAN, LLP**
>5887 Glenridge Drive, NE, Suite 275
>Atlanta, GA  30328
>(770) 392-9004
>Fax (770) 522-9004
>Email: **zkapadia@wnllp.com**
>*Attorney for Defendant Ashiq Ali Sadruddin*
>*d/b/a Y&H, LLC, a/k/a Y&H, Inc.,*
>*a/k/a YNH, Inc., a/k/a YNH, LLC,*
>*d/b/a BP Food Mart*

**4.    Jurisdiction**

Is there any question regarding the Court's jurisdiction?

____ Yes                __X___No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.    Parties to this Action.**

(a)    The following persons are necessary parties who have not been joined:

**For Travelers and Sadruddin: None**

**For Pathak: BP FOOD MART / YNH INC.DBA (the entity or company named in the Travelers policy at issue is a necessary party)**

(b)    The following persons are improperly joined as parties: **None**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Pathak asserts her name is "Greer."**

**The Parties have agreed to refer to Pathak as Sherry Pathak a/k/a Greer.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**Amendments to the pleadings may be necessary to change or modify the names of the defendants as necessary.**

**Pathak seeks to add BP FOOD MART / YNH INC.DBA a/k/a YNH Inc, a/k/a YNH LLC, a/k/a Y&H LLC, a/k/a Y&H Inc**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report And Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed no later than thirty days after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

> *(a) Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.
>
> *(b) Summary Judgment Motions:* within thirty (30) days after the close of

discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  *Other Limited Motions:*   Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony:*   Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties have agreed to exchange initial disclosures by November 1, 2014.**

**Counsel for Pathak does not recall the November 1, 2014 date.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**For Travelers and Sadruddin: No**

**For Pathak:  Not at this time. Pathak reserves the right to request a scheduling conference.**

**10.    Discovery Period:**

The discovery period commenced thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**For Travelers and Sadruddin: Whether Travelers has a duty to defend and indemnify Sadruddin.**

**For Pathak: Whether Travelers has a duty to defend and indemnify BP Food Mart / YNH, Inc.DBA - - a/k/a YNH Inc, a/k/a YNH LLC, a/k/a Y&H LLC, a/k/a Y&H Inc.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**At this time, the parties do not know if additional time will be necessary for discovery.**

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Travelers and Sadruddin: None**

**For Pathak:  None known at this time.**

(b) Is any party seeking discovery of electronically stored information?

_X__ Yes ___ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The scope of production will depend on the subject of information sought.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The format of production will depend on the subject of information sought, but the parties anticipate that, if there is a production of ESI, it will be produced in PDF.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **October 2, 2014**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For plaintiffs: | **(signature):** /s/Seth M. Friedman |
| For Defendant Sherry Pathak (Greer): | **(signature):** /s/ |
| For Defendant Ashiq Ali Sadruddin d/b/a Y&H, LLC, a/k/a Y&H, Inc. a/k/a YNH, Inc., a/k/a YNH, LLC, d/b/a BP Food Mart: | **(signature):** /s/ |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

      ( ) A possibility of settlement before discovery.
      (X) A possibility of settlement after discovery.
      ( ) A possibility of settlement, but a conference with the judge is needed.
      ( ) No possibility of settlement.

(c) Counsel ( ) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery, but no date has yet been set.

**The parties do not intend to hold additional settlement conference at this time.**

(d) The following specific problems have created a hindrance to settlement of this case.

**The existence of the Underlying Lawsuit and Travelers assertion that it has no duty to defend and indemnify in the Underlying Lawsuit.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise

entitled to a jury trial.

   (a) The parties ( ) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20____.

   (b) The parties (X) do not consent to having this case tried before a Magistrate Judge of this Court.

Consented to by:

/s/_____
Seth M. Friedman
Georgia Bar Number 141501
Christopher C. Meeks
Georgia Bar No. 371020

WEISSMAN, NOWACK,
CURRY & WILCO, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
(404) 926-4600 (Fax)
**sethfriedman@wncwlaw.com**
**christophermeeks@wncwlaw.com**
*Attorneys for Plaintiff*

Consented to by:
    <u>Louie Hendricks</u>
/s/_____
Louie Hendricks
Georgia Bar Number 349395

L. BARRINGTON HENDRICKS, P.C.
5300 Memorial Drive, Suite 132
Stone Mountain, GA 30083
(404)501-9292
(404)501-9280 (Fax)
**louiehendricks@bellsouth.net**
*Attorney for Defendant*
*Sherry Pathak (Greer)*

/s/_____
Zain Kapadia
Georgia Bar Number

WEENER & NATHAN, LLP
5887 Glenridge Drive, NE, Suite 275
Atlanta, GA 30328
(770) 392-9004
(770) 522-9004 (Fax)
**zkapadia@wnllp.com**
*Attorney for Defendant Ashiq Ali Sadruddin d/b/a Y&H, LLC, a/k/a Y&H, Inc., a/k/a YNH, Inc., a/k/a YNH, LLC, d/b/a BP Food Mart*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2014.

UNITED STATES DISTRICT JUDGE